J-S17006-25 & J-S17007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                     :             PENNSYLVANIA
                     :
              v.             :
                     :
                     :
SELASSI JONES               :
                     :
           Appellant      :    No. 982 EDA 2024

Appeal from the PCRA Order Entered January 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002220-2019

COMMONWEALTH OF          :   IN THE SUPERIOR COURT OF
       PENNSYLVANIA        :           PENNSYLVANIA
                     :
                     :
              v.            :
                     :
                     :
SELASSI JONES              :
                     :    No. 983 EDA 2024
           Appellant

Appeal from the PCRA Order Entered January 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002221-2019

COMMONWEALTH OF          :   IN THE SUPERIOR COURT OF
       PENNSYLVANIA        :           PENNSYLVANIA
                     :
                     :
              v.            :
                     :
                     :
SELASSI JONES              :
                     :    No. 984 EDA 2024
           Appellant

Appeal from the PCRA Order Entered January 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002222-2019

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 14, 2025**

In these consolidated appeals, Selassi Jones (Appellant) appeals, *nunc pro tunc*, from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Additionally, Appellant's counsel, Michael I. McDermott, Esquire (Attorney McDermott), has filed a motion to withdraw as counsel and accompanying brief purportedly in accordance with **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[1]  After careful review, we grant Attorney McDermott's motion to withdraw and affirm the dismissal order.

In 2019, the Commonwealth charged Appellant, at three separate docket numbers, with indecent assault and related offenses.  The charges arose from his indecent assault of three women on December 4, 2018, in the

---

[1] Because the instant cases are *nunc pro tunc* appeals from the PCRA court's dismissal order, Attorney McDermott was required to file a **Turner**/**Finley** no-merit letter to accompany his motion to withdraw.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter."  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

area surrounding City Hall in Philadelphia. Upon motion by the Commonwealth, the trial court consolidated the three cases.

On July 29, 2019, Appellant entered an open guilty plea at all three docket numbers.[2] At No. 2220-2019, Appellant pled guilty to one count of indecent assault – without complainant's consent.[3] At No. 2221-2019, Appellant pled guilty to one count of indecent assault by forcible compulsion.[4] Finally, at No. 2222-2019, Appellant pled guilty to one count of indecent assault by forcible compulsion. On November 22, 2019, the trial court sentenced Appellant to an aggregate 2½ to 5 years in prison, followed by 2 years' probation. The court also notified Appellant of his 25-year sexual offender registration and notification requirements as a Tier II offender under the Sexual Offender Registration and Notification Act. **See** 42 Pa.C.S.A. §§ 9799.14(c)(1.3), 9799.15(a)(2). Appellant did not file a direct appeal.

On May 5, 2020, Appellant, *pro se*, filed a timely PCRA petition.[5] Appellant argued that police had obtained video surveillance from

_____

[2] Appellant was represented by Douglas Dolfman, Esquire (Attorney Dolfman), throughout his guilty plea and sentencing proceedings.

[3] 18 Pa.C.S.A. § 3126(a)(1).

[4] 18 Pa.C.S.A. § 3126(a)(2).

[5] Appellant titled his filing a "Motion to Open, and Vacate Order/Sentence Pursuant to 42 Pa.C.S.A. § 5505 and to Proceed *Pro Se*." The PCRA court properly addressed Appellant's *pro se* filing as a PCRA petition. **See Commonwealth v. Fantauzzi**, 275 A.3d 986, 995 (Pa. Super. 2022) *(Footnote Continued Next Page)*

Philadelphia's Center City, where the assaults occurred. *See* First PCRA Petition, 5/5/20, at 3 (unnumbered). Appellant claimed this video evidence would have established his innocence. *Id.* According to Appellant, however, Attorney Dolfman and the prosecutor "colluded" to deny the existence of any surveillance video. *See id.* at 3-5 (unnumbered). Relatedly, Appellant asserted Attorney Dolfman improperly advised Appellant to plead guilty. *See id.* at 5-7 (unnumbered). Appellant also stated his desire to proceed *pro se*. *See id.* at 9 (unnumbered).

The PCRA court appointed Jules N. Szanto, Esquire (Attorney Szanto), as Appellant's PCRA counsel. Attorney Szanto subsequently requested permission to withdraw from representation pursuant to *Turner*/*Finley*.

On January 28, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed a *pro se* response. On March 11, 2021, the PCRA court dismissed Appellant's first PCRA petition. On the same date, the PCRA court granted Attorney Szanto permission to withdraw from representation.

On September 8, 2021, Appellant filed a *pro se* notice of appeal. Though the appeal was facially untimely, Appellant claimed he had not received notice

---

("[R]egardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA.").

of the PCRA court's dismissal order.[6]  On appeal, this Court concluded the PCRA court's March 11, 2021, dismissal order was not properly entered on the docket and served on Appellant in accordance with Pa.R.Crim.P. 114(C)(2) and 907(4).[7]  Accordingly, on December 28, 2022, this Court quashed the appeal and directed the clerk of courts to serve Appellant with the PCRA court's dismissal order and note such service on the docket.

Thereafter, on January 6, 2023, the clerk of courts re-entered the PCRA court's dismissal order on the docket.  The docket also reflects service to Appellant via certified mail.  Appellant did not file an appeal following the re-entry of the dismissal order.

Appellant filed a third *pro se* PCRA petition on January 10, 2023, advancing the same arguments he included in his first PCRA petition.  ***See***

_____

[6] Approximately one week prior to filing a notice of appeal, Appellant filed a second *pro se* PCRA petition.  ***See*** Second PCRA Petition, 9/1/21.  The PCRA court dismissed Appellant's second petition in light of the instant pending appeal.

[7] Pennsylvania Rule of Criminal Procedure 114(C)(2) provides that an order is properly entered on the docket by indication thereof of "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2).  Rule 907(4) requires the PCRA court, upon entry of an order dismissing a PCRA petition without a hearing, to "advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.  The order shall be filed and served as provided in Rule 114." Pa.R.Crim.P. 907(4).

Third PCRA Petition, 1/10/23.[8]  In its letter brief, the Commonwealth stated it would not oppose reinstatement of Appellant's direct appeal rights, *nunc pro tunc*.  **See** Letter Brief, 1/4/24, at 1-4.  The Commonwealth emphasized that the dismissal order, when it was refiled, "mistakenly stated that [Appellant] had 30 days from the original dismissal order filing date of March 11, 2021[,] to appeal the dismissal—a date which had long since passed—rather than 30 days from the January 6, 2023[,] refiling of the dismissal order…."  **Id.** at 4.[9]  By an order entered on March 8, 2024, the PCRA court reinstated Appellant's appeal rights from the dismissal of his first PCRA petition.

_____

[8] Appellant attached to his PCRA petition a copy of the Philadelphia Police Department's investigation report, as well as an affidavit prepared by David Lusick (Mr. Lusick), the founder of Legal-Eagles.org.  Pertinently, in the "Actions Taken" section of the investigation report, action item 8 states "Surveillance video obtained from Center City District."  Third PCRA Petition, 1/10/23, Exhibit 1 (Investigation Report).  In the affidavit, Mr. Lusick avers that he spoke to a police lieutenant in the Special Victims Unit concerning the investigation report.  **Id.**, Exhibit 3 (Lusick Affidavit); **see also id.** (explaining Mr. Lusick was unable to speak to the investigating detective).  According to Mr. Lusick, the lieutenant informed him that if surveillance video was identified as an action item, a video had been obtained.  **Id.**  However, Mr. Lusick also alleged that he spoke to a Philadelphia Law Department investigator, who indicated he was unable to find a surveillance video.  **Id.**

[9] In its letter brief, the Commonwealth stated it had recently searched the District Attorney's Office files and was unable to locate any video evidence pertaining to Appellant's case.  Letter Brief, 1/4/24, at 8 n.5; **see also id.** (the Commonwealth alleging it searched available databases and contacted several officers, in various departments, in an attempt to locate the purported surveillance video).

Appellant, with the assistance of Attorney McDermott, filed a timely notice of appeal.[10]  On March 28, 2024, the PCRA court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days.  Attorney McDermott did not file a Rule 1925(b) concise statement, nor did he file a Rule 1925(c)(4) statement of intent to withdraw in lieu of a concise statement.  Attorney McDermott filed a motion to withdraw in this Court on December 13, 2024.

_____

[10] Appellant filed a single notice of appeal listing all three docket numbers. Concluding Appellant's notice of appeal did not comply with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket), this Court issued an order directing Appellant to file amended notices of appeal within 14 days.  **See** Order, 5/17/24.  Appellant filed amended notices of appeal at Nos. 2221-2019 and 2222-2019—albeit beyond the 14-day time frame designated by this Court.

However, Appellant did not file an amended notice of appeal at 2220-2019.  On June 24, 2024, this Court issued an additional order at No. 2220-2019, directing Appellant to file an amended notice of appeal within 7 days. **See** Order, 6/24/24; **see also id.** (cautioning Appellant that failure to comply with this Court's orders may result in quashal of the appeal).  To date, Appellant has not filed an amended notice of appeal at No. 2220-2019 to correct the **Walker** defect.  On August 30, 2024, this Court discharged the rule to show cause and referred the issue to the merits panel.

Upon merits-panel review, this Court issued an order on May 13, 2025, granting Appellant a final opportunity to file an amended notice of appeal at No. 2220-2019.  Appellant timely complied.  Additionally, in a previous memorandum decision, we consolidated the appeal docketed at 982 EDA 2024 (No. 2220-2019) with the previously consolidated appeals.  **See Commonwealth v. Jones**, 982, 983 & 984 EDA 2024, 2025 WL 1721061 (Pa. Super. 2025) (unpublished memorandum).

Previously, we concluded Attorney McDermott complied with the procedural requirements for withdrawal under **Turner**/**Finley**. **See Jones**, 982, 983 & 984 EDA 2024 (unpublished memorandum at 7-8) (Attorney McDermott served Appellant with a copy of the motion to withdraw and **Anders** brief—which provides greater protection than a **Turner**/**Finley** no-merit letter; stated he made a conscientious examination of the record; filed an **Anders** brief, identifying claims Appellant wishes to raise; and provided to this Court a copy of the letter he sent to Appellant, advising Appellant of Attorney McDermott's intent to withdraw, and explaining Appellant's right to raise additional claims by proceeding *pro se* or retaining private counsel).[11]

We noted, however, that Attorney McDermott did not comply with the PCRA court's concise statement order. Instead, Attorney McDermott filed a motion to withdraw and accompanying **Anders** brief, *in this Court*, on December 13, 2024, approximately eight months after the deadline for filing a concise statement or Rule 1925(c)(4) statement of intent to withdraw *in the PCRA court*. *Id.* (unpublished memorandum at 9). We therefore remanded for Attorney McDermott to file an appropriate statement under Pa.R.A.P. 1925(b) or (c)(4). *Id.* (unpublished memorandum at 11) (citing **Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa. Super. 2008) ("[A]bsent the proper filing of any statement of record by counsel, this Court

_____

[11] Appellant did not retain private counsel or file a *pro se* appellate brief.

cannot properly consider counsel's request to withdraw.")). Attorney McDermott has since complied with our remand directive by filing a statement of his intent to withdraw.

As these preliminary matters have been satisfied, we now turn to the merits of Appellant's claims, and "conduct [our] own independent evaluation of the record" to discern whether counsel correctly concluded the PCRA petition is without merit. **Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted). In the **Anders** brief, Attorney McDermott identifies the following issues:

> I. Whether [Attorney] Dolfman [] promise[d] to [Appellant] that if he pled open [*sic*] to the three charges of indecent assault … that he would receive a county sentence with probation[?] Did this promise fall below the standard of reasonableness and induce [Appellant] to enter an open guilty plea?
>
> II. Whether prior to the guilty plea, did [Attorney] Dolfman [] explain to [Appellant] how the Pennsylvania Sentencing Guidelines were taken into consideration and how the court would sentence within the guidelines[,] and exactly what the guidelines were recommending?
>
> III. Whether the guilty plea was unlawfully and irresponsibly induced by defense counsel, which became obvious at the sentencing hearing[,] and as such[,] did the court abuse its discretion in accepting [Attorney Szanto's **Turner**/]**Finley** letter without conducting a hearing and taking the testimony of [Attorney Dolfman]?

**Anders** Brief at 5 (some capitalization modified).

We review the denial of PCRA relief to determine "whether the PCRA court's findings of fact are supported in the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35,

45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

Initially, we observe the argument presented in the ***Anders*** brief does not correspond to any of the issues raised in the statement of questions presented.[12]  Instead, Appellant argues, as he did in his first *pro se* PCRA petition, that Attorney Dolfman was ineffective for failing to investigate the existence of a purported video recording, which Appellant believes was in the Commonwealth's possession.  ***Anders*** Brief at 20.  Appellant claims the video would have exonerated him, or "at the very least provide him with information which would make it possible for [Appellant] to make an intelligent decision about whether to plead guilty or proceed to trial." ***Id.***[13]

_____

[12] Generally, failure to include an issue in the statement of questions involved results in waiver of the claim.  ***See*** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); ***see also Commonwealth v. Ivy***, 146 A.3d 241, 254 n.6 (Pa. Super. 2016) (deeming waived issues not raised in the appellant's statement of questions involved).  However, because Attorney McDermott's request to withdraw requires us to conduct an independent review of the record, ***see Reed***, ***supra***, we nevertheless address this claim.

[13] Relatedly, Appellant contends the Commonwealth's suppression of the video evidence constituted a violation of ***Brady v. Maryland***, 383 U.S. 83 (1963) (holding that due process prohibits the prosecution from suppressing evidence material to guilt or punishment).  Because Appellant could have raised a ***Brady*** claim in a direct appeal, but failed to do so, this claim is waived.  ***See Commonwealth v. Roney***, 79 A.3d 595, 609 (Pa. 2013) (concluding PCRA petitioner waived his ***Brady*** claim by failing to raise it at trial or on direct appeal).  We note briefly that while Appellant did not file a direct appeal, he
*(Footnote Continued Next Page)*

Each of Appellant's claims challenges Attorney Dolfman's effectiveness in connection with Appellant's guilty plea. Preliminarily, we presume that counsel is effective; the appellant bears the burden of proving otherwise. *Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate that: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." *Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. *See Commonwealth v. Roane*, 142 A.3d 79, 88 (Pa. Super. 2016).

"Counsel has a duty to undertake reasonable investigations or to make reasonable decisions that render particular investigations unnecessary." *Commonwealth v. Basemore*, 744 A.2d 717, 735 (Pa. 2000). "Failure to conduct a more intensive investigation, in the absence of any indication that such investigation would develop more than was already known, is simply not

---

has never claimed that his failure to do so was the result of abandonment by counsel.

Further, Appellant did not—in either his *pro se* PCRA petition or in the *Anders* brief—couch his *Brady* claim in terms of prior counsel's ineffectiveness in failing to raise such a claim previously. *See Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) ("[A] claim not raised in a PCRA petition cannot be raised for the first time on appeal.").

- 11 -

ineffectiveness." *Commonwealth v. Eichinger*, 108 A.3d 821, 847 (Pa. 2014).

Instantly, at the close of the sentencing hearing, Appellant stated, "In my discovery it says they [the police] obtained video surveillance." N.T., 11/22/19, at 35. Attorney Dolfman responded, "I'll put that on the record. I spoke with the Commonwealth and asked if there was any video in this case[,] and I was informed that there was not." *Id.* The parties did not discuss the matter further, nor did Appellant indicate he wished to withdraw his guilty plea.

From the record, there is no clear indication that video surveillance footage was ever recovered from the area in which the indecent assaults occurred. Further, Attorney Dolfman stated on the record during the sentencing hearing that he had, in fact, inquired about any possible video surveillance. *See id.* We decline to deem Attorney Dolfman ineffective for failing to investigate the purported video surveillance footage, where the evidence seemingly does not exist. Further, despite claiming video surveillance could exonerate him, Appellant accepted responsibility for the indecent assault by tendering a guilty plea. *See Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015) (stating an appellant is bound by the statements he makes during a guilty plea colloquy).[14]

_____

[14] We discuss the validity of Appellant's guilty plea *infra*.

We next consider the validity of Appellant's guilty plea, which is implicated in each of the issues Appellant identified in the statement of questions involved.[15] Appellant claims Attorney Dolfman unlawfully induced him to plead guilty by promising Appellant that he would receive a county sentence with a probationary tail. **Anders** Brief at 5. Appellant also argues Attorney Dolfman failed to explain the applicable sentencing guidelines. **Id.**

As this Court has explained,

[i]neffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

**Commonwealth v. Kelley**, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations and quotation marks omitted). "To prove prejudice, [an] appellant must prove he would not have pled guilty and would have achieved a better outcome at trial." **Commonwealth v. Fears**, 86 A.3d 795, 807 (Pa. 2014) (citation omitted); **see also Commonwealth v. Morrison**, 878 A.2d 102, 105 (Pa. Super. 2005) (*en banc*) (stating that "the defendant must show that

_____

[15] These issues were not developed in the argument section of the **Anders** brief. **See** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). We will nevertheless address the validity of Appellant's guilty plea as part of our independent review. **See Reed**, 107 A.3d at 140.

counsel's deficient stewardship resulted in a manifest injustice … by facilitating entry of an unknowing, involuntary, or unintelligent plea." (citations omitted)).

"The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that appellant's decision to plead guilty be knowingly, voluntarily and intelligently made." **Commonwealth v. Moser**, 921 A.2d 526, 528-29 (Pa. Super. 2007) (citation, quotation marks, and brackets omitted). "[A] guilty plea colloquy must affirmatively demonstrate the defendant understood what the plea connoted and its consequences." **Commonwealth v. Willis**, 68 A.3d 997, 1002 (Pa. Super. 2013) (citation and quotation marks omitted). Further,

> [a] valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

**Morrison**, 878 A.2d at 107 (citing Pa.R.Crim.P. 590, cmt.).

Instantly, Appellant entered an **open** guilty plea, without any agreement as to the sentence or the Commonwealth's sentencing recommendation. During the guilty plea hearing, Appellant expressly agreed that he was satisfied with Attorney Dolfman's representation. N.T., 7/29/19, at 9. Appellant agreed to the factual basis underlying each offense. N.T.,

7/29/19, at 11-14. Appellant also completed a written guilty plea colloquy,[16] which detailed the permissible range of sentences for his crimes. *See* Written Guilty Plea Colloquy, 7/29/29; *see also Reid*, 117 A.3d at 782 ("[A] written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." (citing Pa.R.Crim.P. 590, Cmt.)). In the written colloquy, Appellant also confirmed he was not threatened or forced to plead guilty, nor was he promised anything in exchange for his plea. *Id.*; *see also* N.T., 7/29/19, at 11 (Appellant acknowledging, during the oral colloquy, that he was not coerced or threatened, and he was not promised anything in exchange for his plea).

During the subsequent sentencing hearing, Appellant further confirmed his guilt, stating, "Honestly, I accept all responsibility, I do, because I did it, you know." N.T., 11/22/19, at 35-36. We reiterate that Appellant is bound by the statements he made on the record during the plea colloquy and sentencing hearing. *See Reid*, 117 A.3d at 783. Based upon the foregoing, it is clear Appellant entered a knowing, voluntary, and intelligent guilty plea. Appellant's claim that Attorney Dolfman unlawfully induced his plea by promising a county sentence with a probationary tail is belied by the record. The record also establishes that Appellant was appropriately informed of the

_____

[16] Appellant completed a separate written guilty plea colloquy at each docket number.

sentencing guidelines and permissible range of sentences. As his underlying challenge to the voluntariness of his plea lacks merit, Appellant's ineffective assistance claim fails.[17] *See Roane*, 142 A.3d at 88 (explaining that the failure to satisfy any prong of the ineffectiveness test defeats an ineffectiveness claim).

Moreover, our independent review of the certified record does not reveal any other meritorious issues. *See Reed*, 107 A.3d at 140. Accordingly, we grant Attorney McDermott's motion to withdraw and affirm the order dismissing Appellant's PCRA petition.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/14/2025

---

[17] As this claim lacks arguable merit, Appellant's claim that the PCRA court improperly permitted Attorney Szanto to withdraw from representation must also fail.